| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | Case No. 1:19-cr-00015 <br> Barrett, J. <br> Litkovitz, M.J. |
| vs. | |
| ANTWAN CRISWELL, <br> Defendant. | **ORDER** |

This criminal matter is before the Court on defendant Antwan Criswell's motion for reconsideration of bond pursuant to 18 U.S.C. § 3164 (Doc. 14), the government's response in opposition (Doc. 17), and defendant's reply (Doc. 18).

On May 18, 2017, defendant was initially charged by way of a seven-count indictment with the following drug trafficking and firearm offenses: distribution and attempt to distribute controlled substances and mixtures (including heroin, fentanyl, and carfentanil), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Counts 1, 4, and 6); using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3, 5, 7) (*U.S. v. Criswell*, No. 1:17-cr-054, Doc. 3). On February 8, 2019, the District Judge granted defendant's motion to dismiss under the Speedy Trial Act, 18 U.S.C. § 3161, and dismissed the charges against defendant without prejudice. (*U.S. v. Criswell*, No. 1:17-cr-054, Doc. 31).

The same day of the dismissal of the previous charges, defendant was re-arrested on a new criminal complaint. (Docs. 1, 2). On February 12, 2019, defendant was ordered temporarily detained upon his initial appearance in court. (Docs. 4, 7). On February 13, 2019, defendant was re-indicted on all seven counts listed in the May 2017 indictment. (Doc. 8). On

February 14, 2019, the undersigned held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The Court determined there are no conditions or combination of conditions of release that would reasonably assure defendant's appearance at court proceedings and the safety of the community and ordered that defendant be detained pending trial. (Doc. 13). Defendant also requested release on bond pursuant to 18 U.S.C. § 3164. The Court declined to release defendant on bond under this statutory provision, but indicated a willingness to reconsider bond upon the submission of briefs by the parties. This matter has now been fully briefed.

Defendant contends that Section § 3164 of the Speedy Trial Act requires his release from detention. Defendant argues § 3164 requires the issuance of bond if the trial of a detained person does not commence within ninety days of his continuous detention. (Doc. 14). Because the District Court determined in his previous criminal case that the speedy trial clock expired on December 17, 2017 (*U.S. v. Criswell*, No. 1:17-cr-054, Doc. 31 at 17), defendant argues that he should have been released from detention on January 6, 2018—the ninetieth day of the relevant time period under § 3164. (*Id.* at 2). Defendant argues that his continued detention beyond that date is unlawful. (*Id.*).

In response, the government argues that release is not required under § 3164 because defendant has not been awaiting trial for ninety days on the new indictment issued on February 13, 2019. (Doc. 17 at 1). The government cites to a First Circuit Court of Appeals case, *United States v. Worthy*, 699 F.3d 661, 662 (1st Cir. 2012), in support of its position that the ninety-day speedy trial clock listed in § 3164 restarts when a defendant is re-arrested on a new criminal complaint. (*Id.* at 2).

In reply, defendant argues that the plain language of the statute and legislative history support a finding that a new indictment does not restart the ninety-day period listed in § 3164.

(Doc. 18 at 2-3). Defendant argues that the United States Congress amended § 3164 to include language that the excluded delays listed in 18 U.S.C. § 3161(h)[1] from its ninety-day time period, but did not amend the statute to include language indicating an intent to restart the ninety-day time period following dismissal and subsequent re-indictment. (*Id.* at 2).

"The purpose of the Speedy Trial Act is not only to protect a defendant's constitutional right to a speedy trial, but to also serve the public interest in bringing prompt criminal proceedings." *United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000). Section 3161 of the Speedy Trial Act requires trial to commence within seventy-days from the later of either the date of the indictment or a defendant's initial appearance, subject to certain statutory exclusions listed in § 3161(h). 18 U.S.C. § 3161(c)(1). Section 3164 of the Speedy Trial Act, which applies to orders of detention, provides that "a detained person who is being held in detention solely because he is awaiting trial" must be tried "not later than ninety days following the beginning of such continuous detention[.]" 18 U.S.C. § 3164(a)(1), (b). Section 3164 further provides that "[f]ailure to commence trial of a detainee . . . through no fault of the accused or his counsel, or . . . . through no fault of the attorney for the Government, shall result in the automatic review by the court of the conditions of release." 18 U.S.C. § 3164(c).

Here, the parties agree that the seventy-day speedy trial clock under 18 U.S.C. § 3161 unquestionably restarted with the new indictment against defendant. The parties, however, dispute whether the ninety-day limit on detention under 18 U.S.C. § 3164 restarted with the re-arrest and re-indictment of defendant. The Court finds the case law and reasoning provided by the government that the ninety-day period of detention under 18 U.S.C. § 3164 also restarted with defendant's re-arrest to be persuasive. In *U.S. v. Worthy*, the First Circuit held that § 3164's

---

[1] 18 U.S.C. § 3161(h) specifies the types of delays that are excludable from the seventy-day calculation of the Speedy Trial Act.

ninety-day clock restarts at the moment the defendant is re-arrested, regardless of the nature of

the charges in the new complaint. 699 F.3d at 665. In arriving at this conclusion, the court

carefully examined the plain statutory language and the legislative history of § 3164. The court

also rejected the reasoning in *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976), which

defendant cites in support of his position. The court concluded:

> [I]t is unimaginable that Congress intended to permit re-indictment on the same offense but contemplated that a dangerous defendant or on who posts a risk of flight would automatically be free because 90 days plus exclusions had expired on the detention under a *prior* charge and indictment. One of the purposes of assuring a speedy trial is "to avoid . . . an extended period of pretrial freedom by the defendant during which time he may flee, commit other crimes, or intimidate witnesses." *Hastings*, 847 F.2d at 924 (quoting A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, at 12 (1980)). To refuse to restart the 90-day clock following arrest and a new indictment is to frustrate a central purpose of the Speedy Trial Act itself.

*Worthy*, 699 F.3d at 665. Here, like in *Worthy*, the previous indictment against the defendant in

this case was dismissed by the District Judge without prejudice. Defendant was subsequently re-

indicted on counts virtually identical to the counts listed in the previous indictment. Thus, the

new indictment unquestionably reset the seventy-day clock under 18 U.S.C. § 3161 to zero. The

Court is persuaded by the reasoning in *Worthy* that the ninety-day clock listed in § 3164 also

restarted on February 8, 2019—the day that defendant was re-arrested on the new criminal

charges. At the February 14, 2019 detention hearing, the Court found by a preponderance of the

evidence that the defendant's release would pose a risk of nonappearance at court proceedings,

and by clear and convincing evidence that the defendant's release would pose a risk of harm to

the public. (Doc. 13). The issuance of bond upon defendant's re-arrest and re-indictment would

not only increase the risks assessed during the detention hearing, but it would also frustrate the

purpose of the Speedy Trial Act, as explained in *Worthy*. Accordingly, defendant's motion for

reconsideration of bond pursuant to 18 U.S.C. § 3164 is **DENIED**.

        **IT IS SO ORDERED**.

Date: 3/7/19

                                            Karen L. Litkovitz
                                            United States Magistrate Judge