UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTWAN CRISWELL | : | Case No. 1:19-cr-15 |
| | : | (Civil Case No. 1:21-cv-135) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**OPINION & ORDER**

This matter is before the Court upon Petitioner Antwan Criswell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 60). The Government filed a Response in Opposition. (Doc. 67).

**I.     BACKGROUND**

On May 18, 2017, Petitioner was charged on a seven-count indictment for drug trafficking and firearm offenses. (*U.S. v. Criswell*, Case No. 1:17cr54-TSB, Doc. 3). The case was not pending before the undersigned at that time, but was instead assigned to different district court judge. On February 8, 2019, the Court dismissed the charges without prejudice under the Speedy Trial Act, 18 U.S.C. § 3161. That same day, Petitioner was re-arrested on a new criminal complaint, and the case was then assigned to the undersigned. (Docs. 1, 2). On February 12, 2019, Petitioner was re-indicted on all seven counts listed in the May 2017 indictment. (Doc. 8). On March 12, 2019, counsel filed a Motion to Dismiss based upon the speedy trial violation. (Doc. 21). However, on April 15, 2019, Defendant entered a guilty plea under Rule 11(c)(1)(C); and agreed to withdraw the Motion to Dismiss. (Docs. 31, 32). During the proceedings on April 15th,

Defendant acknowledged that in the plea agreement, he waived his right to appeal except as to claims of ineffective assistance of counsel or prosecutorial misconduct.  (Doc. 65, PAGEID 488, 490).  On June 10, 2020, this Court sentenced Petitioner to a total term of imprisonment of 110 months.  (Docs. 51, 53).  Petitioner did not file an appeal.

In his petition under 28 U.S.C. § 2255, Petitioner sets forth a single ground for relief: ineffective assistance of counsel based on: "speedy trial violation should have been with prejudice – a conceded speedy trial violation in which, once posted, waited 13 additional months to ajudicate [sic], prejudice is found by law and should have issued." (Doc. 60, PAGEID 345).

## II. STANDARD OF REVIEW

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001)).

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999)).  However, no hearing is required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*.

### III. ANALYSIS

A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the first or "performance" prong of *Strickland*'s two-part test, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688.  However, a court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy." *Id*. at 689.  Under the second or "prejudice" prong of *Strickland*, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has made several arguments in support of his argument that his counsel was ineffective.  First, Petitioner claims that the dismissal of the original indictment should have been with prejudice, and even though his counsel knew that the Court erred in its Speedy Trial ruling, counsel waived Petitioner's direct appeal rights.  Second, Petitioner claims that counsel was ineffective in allowing him to be detained for over a year in violation of 18 U.S.C. § 3161(j).  Third, Petitioner argues that counsel made no effort at estoppel.  Fourth, Petitioner argues that counsel failed to file motion for reconsideration before he was indicted a second time under the new case.  As to prejudice, Petitioner claims that having to spend even one extra day in jail is prejudice.

To the extent that Petitioner challenges any delay in adjudicating his motion to dismiss, counsel has no control over timing of Court's decision.

To the extent that Petitioner is claiming that counsel was ineffective for failing to file a motion for reconsideration of the Court's decision to dismiss the original indictment without prejudice before he was re-indicted, the Court notes that counsel followed the proper procedure. *See United States v. Stephens*, 511 F.3d 492, 493 (5th Cir. 2007) (because an order dismissing the original indictment without prejudice is a non-final, non-appealable order, appellate review must await final judgment after re-indictment).

To the extent that Petitioner claims that the dismissal of the original indictment should have been with prejudice, Petitioner's guilty plea waived his claim of a violation his constitutional right to a speedy trial. *See United States v. Dossie*, 188 F. App'x 339, 345 (6th Cir. 2006) (explaining that a defendant who pleads guilty may not raise challenges based on denial of due process rights to a speedy trial) (collecting cases); *see also Hardin v. United States*, 595 Fed.Appx. 460, 461-62 (6th Cir. 2014) ("[a] defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'") (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). Similarly, Petitioner waived his right to assert any potential violations of the Speedy Trial Act by pleading guilty. *See United States v. Dunning*, 1996 WL 464971, *1 (6th Cir. Aug. 14, 1996). Therefore, Petitioner's claim of ineffective assistance of counsel based on a violation of his constitutional or statutory right to a speedy trial is barred by the waiver of his right to collateral attack contained in his plea agreement.

### IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner Antwan Criswell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 60) is **DENIED**.

Further, the Court will not issue a certificate of appealability. The Court concludes that none of the claims raised by Petitioner in his motion, which have been decided on the merits, are debatable among reasonable jurists, could be resolved differently on appeal or are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court