# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-15 |
| Plaintiff, | : | |
| v. | : | Judge Michael R. Barrett |
| ANTWAN CRISWELL, | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court upon Defendant Antwan Criswell's *pro se* Motion for Safety Valve Reduction in Sentencing Error, 18 U.S.C. § 3582. (Doc. 71).

On March 12, 2019, Defendant was charged with eight counts in a superseding indictment: four counts of distribution of a controlled substance in violation of 21 U.S.C.§ 841(a)(1) (Counts 1, 2, 5 and 7); one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 3); and three counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Counts 4, 6, and 8). (Doc. 25). On April 15, 2019, Defendant pled guilty to Counts 3 and 7 pursuant to a Plea Agreement under Rule 11(c)(1)(C). (Doc. 31). On June 10, 2020, this Court sentenced Defendant to 60 months imprisonment on Count 3 with credit for time served, to run consecutive to the 50 months of imprisonment with credit for time served on Count 7; and 4 years supervised release on each count with conditions to run concurrent to each other. (Doc. 51, 53). All the remaining counts were dismissed. (Doc. 50).

Defendant maintains that he is entitled to a two-level reduction in sentence because he did not commit a "crime of violence" and this is his first felony offense in the federal system.

As this Court has previously recognized, a district court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Shaw*, No. 1:12-CR-74, 2021 WL 1312980, at *2 (S.D. Ohio Apr. 8, 2021) (citing *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008)).  In the caption of his motion, Defendant cites to 18 U.S.C. § 3582.  The Sixth Circuit has explained: "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  However, Defendant has not made any arguments which would seem to fit within this statutory provision.[1] Therefore, the Court finds that Defendant failed to establish that "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A).

Defendant also relies upon 18 U.S.C. § 3553(f), which allows district courts in the case of an offense under 21 U.S.C. § 841 to impose a sentence "without regard to any statutory minimum sentence, if the court finds" that a defendant has satisfied § 3553(f)'s

---

[1] In 2018, Congress enacted the First Step Act, which amended § 924(c) so as to limit the kinds of firearm convictions that would count as repeat offenses.  *United States v. Jarvis*, 999 F.3d 442, 443 (6th Cir. 2021) (citing First Step Act, § 403(a); *United States v. Richardson*, 948 F.3d 733, 744-45 (6th Cir. 2020)).  To begin, Defendant plead guilty in 2019 to only one count of distribution of a controlled substance in violation of 21 U.S.C.§ 841(a)(1) (Count 7); and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).  Furthermore, the Sixth Circuit has held that courts cannot "treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *United States v. Hunter*, 12 F.4th 555, 564 (6th Cir. 2021) (quoting *Jarvis*, 999 F.3d at 445).

five requirements. *United States v. Henderson*, 307 F. App'x 970, 985 (6th Cir. 2009) (quoting U.S.S.G. § 5C1.2(a)(5)).[2] A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to relief under the safety valve. *United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019) (citing *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004)). Defendant has not previously raised the issue of his eligibility for safety-valve relief, and the applicability of § 3553(f) to Defendant's sentence is questionable given that the quantity of narcotics does not trigger the minimum

---

[2]These factors are as follows:

(1) the defendant does not have—

    (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

    (B) a prior 3-point offense, as determined under the sentencing guidelines; and

    (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

mandatory sentence in this case. Therefore, Defendant has not demonstrated that he is entitled to relief under 18 U.S.C. § 3553(f).

Defendant also argues that he should be resentenced for his § 924(c) conviction under two Supreme Court cases: *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *U.S. v. Davis*, 139 S. Ct. 2319 (2019).

The Court notes that in his plea agreement, Defendant agreed to waive the right to appeal "the conviction and the sentence imposed, except if the sentence imposed exceeds the statutory maximum." (Doc. 47, PAGEID 285). Therefore, Defendant's challenge is contrary to the terms of his plea agreement. In addition, any constitutional claim would constitute a second or successive petition requiring advance permission from the Sixth Circuit under 28 U.S.C. § 2255(h). However, even if this court were to consider Defendant's claim on the merits, it would fail.

In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of § 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2336. This decision expanded upon the Supreme Court's earlier rulings in *Dimaya and Johnson v. United States,* 576 U.S. 591, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015). In *Johnson*, the Supreme Court addressed 18 U.S.C. § 924(e)(2)(B)(ii), which imposes a more severe punishment on a defendant convicted of being a felon-in-possession of a firearm if he has three or more prior convictions for a "violent felony." The Court held that the residual-clause definition of "violent felony" in the statute is unconstitutionally vague. 135 S. Ct. at 2563. In *Dimaya*, the Supreme Court also invalidated the residual clause in 18 U.S.C. § 16(b) which "provides the federal criminal code's definition of 'crime of violence.'" 138 S. Ct. at 1211.

Defendant argues that under this Supreme Court precedent, his conviction under 18 U.S.C. § 924(c) was not a "crime of violence" because he did not "use" the firearm during the drug trafficking crime.[3] However, Defendant was not sentenced under Section 924 for having a firearm in connection with a crime of violence, but rather for having a firearm in connection with a drug trafficking crime.[4] Courts have concluded that the decisions in *Johnson*, *Dimaya*, and *Davis* have no impact on convictions based on the use a firearm in furtherance of a drug trafficking crime. *See United States v. Chappell*, No. 1:14 CR 00341, 2020 WL 2812726, at *4 (N.D. Ohio May 28, 2020) (collecting cases); *see also United States v. Hopper*, No. 19-2110 (10th Cir. Oct. 31, 2019) (explaining that *Davis* only provides relief from convictions "for using ... a firearm during ... a crime of violence"); *In re Navarro*, 931 F.3d. 1298, 1302 (11th Cir. 2019) (defendant could not make the required showing to file a second or successive § 2255 petition because his "§ 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is

---

[3]Defendant was convicted under 18 U.S.C. § 924(c)(1)(A), which provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[4]Defendant makes reference to a charge of arson being brought against him. (Doc. 71, PAGEID 533). However, no charges of arson were brought against him.

outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.")). Therefore, these decisions do not provide any basis for resentencing based on the facts of Defendant's case.

Finally, Defendant relies on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). However, "*Bailey* examined an earlier version of [§ 924(c)] that prohibited only 'using or carrying a firearm during and in relation to' drug trafficking." *United States v. Combs*, 369 F.3d 925, 931-32 (6th Cir. 2005) (citing 18 U.S.C. § 924(c)(1) (1994)). In 1998, Congress amended the statute in response to *Bailey* by adding the "in furtherance of" language to the statute. *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001). Defendant was convicted under this version of the statute, not the "use and carry" provision in the prior version of the statute. Therefore, *Bailey* is not applicable to Defendant's case.

Based on the foregoing, Defendant Antwan Criswell's Motion for Safety Vale Reduction in Sentencing Error 18 U.S.C. § 3582 (Doc. 71) is **DENIED**.

**IT IS SO ORDERED**.

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court